IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 11–CR–40061–JPG

RUSSELL KRISS HOLLAND,
Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Russell Kriss Holland's Motion for Appointment of Counsel, construed as a motion for compassionate release. (ECF No. 45). For the reasons below, the Court **DENIES** Holland's Motion.

### I.   PROCEDURAL & FACTUAL HISTORY

#### A.  The Conviction

In 2011, a federal grand jury in this District indicted Holland for traveling across state lines "for the purpose of engaging in illicit sexual conduct" with a minor. (Superseding Indictment 1, ECF No. 22). He pleaded guilty, (Plea Agreement 1, 12, ECF No. 30); and the Court sentenced him to a 144-month term of imprisonment, (Judgment 2, ECF No. 40). He is currently incarcerated at Correctional Institution ("CI") Giles W. Dalby in Texas. (Def.'s Mot. for Compassionate Release at 2).

#### B.  The Presentence Investigation Report

Before sentencing, the Court considered the Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office, which provided information about the nature and circumstances of the offense and Holland's background. (PSR 1, ECF No. 38).

According to the PSR, Holland is originally from the United Kingdom. (*Id.* at 4). He sold all his belongings and moved to Southern Indiana in 2001 after meeting a woman on an online chatroom. (*Id.* at 6, 11). They married one month later, and the woman was pregnant one month after that. (*Id.*). He has three more kids in England that are "basically strangers" to him. (*Id.* at 12–13).

In 2010, state law-enforcement officers first learned that "Holland had been sending nude pictures of himself via cellular phone picture messages to . . . a female under 14 years of age" living in Southern Illinois. (*Id.* at 4). They after a concert (Holland was the singer), and they "subsequently became friends on 'My Space' and began 'chatting' with each other." (*Id.* at 5). Holland eventually told her "family that he had musical equipment at his residence and was able to further [her] musical career." (*Id.*). Two weeks later, the child's mother let her spend the night at his house. (*Id.*). From about June 2009 through March 2010, the two exchanged thousands of "explicit and very graphic" text messages and "had sex approximately 20 to 35 times, most of which occurred at Holland's residence," usually unprotected. (*Id.* at 6). Years earlier, Holland was suspected of molesting a six-year-old that he was babysitting, though charges were not ultimately filed. (*Id.* at 11).

### C.  Holland's Motion for Compassionate Release

In 2020, Holland moved for a sentence modification under 18 U.S.C. § 3582(c)(1)(A), also called *compassionate release*. (Def.'s Mot. for Compassionate Release at 1). He contends that serious medical conditions—"High Blood Pressure, Pre Diabetes, Low Thyroid, High Cholesterol, Allergies, Node on Right Lung due to a TB reaction and extremely obese at a height of 5′ 9″, 220lbs, along with Hepatitis B"—make him especially vulnerable to the COVID-19 virus. (*Id.*).

He also states that he "has only around 11 months left to serve" and that he will be transferred "to I.C.E. custody and removed immediately" to the United Kingdom upon release. (*Id.* at 6).

The COVID-19 virus, of course, is now a global pandemic. At CI Giles W. Dalby, one inmate currently has COVID-19; 87 have recovered; and three have died. *Coronavirus*, Bureau of Prisons (last visited Dec. 3, 2020).[1] In brief, Holland argues that his increased risk of experiencing serious complications if he contracts COVID-19 is an *extraordinary and compelling reason* warranting his release. (Def.'s Mot. for Compassionate Release at 1).

## II.   LAW & ANALYSIS

The Court recognizes that compassionate release is appropriate for some defendants considering the COVID-19 pandemic. Even so, the defendant bears the burden of showing *not only* that he faces an increased from the virus, *but also* that incarceration is no longer necessary to advance the purposes of punishment (i.e., justice, deterrence, incapacitation, and rehabilitation). Holland failed to meet that burden.

### A.  Legal Standard

District courts generally "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). That said, an exception exists for when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* § 3582(c)(1)(A)(i). Even then, however, the sentencing judge must still "consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." *Id.* § 3582(c)(1)(A). The burden of proof rests on the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

---

[1]      *Available at* https://www.bop.gov/coronavirus.

The § 3553(a) factors include:

    (1)    the nature and circumstances of the offense and the history and characteristic of the defendant;

    (2)    the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for—

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or;

        (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;

    (5)    any pertinent policy statement—

        (A)    issued by the Sentencing Commission . . . ; and

        (B)    that . . . is in effect on the date the defendant is sentenced[;]

    (6)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"The judge need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one.' " *See United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). It is enough to "simply give an adequate statement of reasons, consistent with § 3553(a), for thinking" that a sentence modification is, or is not, appropriate. *See Shannon*, 518 F.3d at 496.

### B.  The § 3553(a) Factors Weigh Against Compassionate Release

The Court acknowledges the particular danger posed by the COVID-19 pandemic to prisoners, who live in close quarters and often cannot practice social distancing. "But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Bureau of Prisons is in the best position to know which inmates are most vulnerable to infection and whether they still pose a public-safety risk. And since March 2020, BOP has released over 8,000 inmates that it has identified as "suitable for home confinement." *Coronavirus*, BOP (last visited Dec. 3, 2020).[2] Although not bound by any BOP determination, the Court gives BOP some deference in this area "considering [its] statutory role, and its extensive professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597.

With that in mind, the § 3553(a) factors weigh against a sentence modification here. Holland's Motion for Compassionate Release presents no evidence for the Court to infer that he does not present a public-safety risk. He pleaded guilty to a serious offense, and the Court imposed a proportional sentence. True enough, Holland has already received just punishment for the offense, having served most of his sentence. But the other factors weigh against compassionate release. Put differently, even given the COVID-19 pandemic and Holland's increased vulnerability

---

[2]     *Available at* https://www.bop.gov/coronavirus/.

— 5 —

to it, his incarceration remains necessary to reflect the seriousness of the offense, to promote

respect for the law, to protect the public, and to deter Holland and others from committing further

crimes.

## III.   CONCLUSION

The Court **DENIES** Defendant Russell Kriss Holland's Motion for Compassionate

Release.

**IT IS SO ORDERED.**

**Dated: Thursday, December 3, 2020**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
